**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Tammy Batten West, Appellant,

v.

American Honda Motor Company, Inc., Respondent.

Appellate Case No. 2022-000162

———————————

Appeal From Horry County
Paul M. Burch, Circuit Court Judge

———————————

Unpublished Opinion No. 2025-UP-172
Submitted April 1, 2025 – Filed May 28, 2025

———————————

**AFFIRMED AS MODIFIED**

———————————

C. Steven Moskos, of C. Steven Moskos, PA, of North Charleston, and Brooks Roberts Fudenberg, of Law Office of Brooks R. Fudenberg, LLC, of Charleston, both for Appellant.

Patrick James Cleary, of Bowman & Brooke, LLP, of Columbia, for Respondent.

———————————

**PER CURIAM:** This appeal is about an award of attorney's fees and costs. It is undisputed Appellant prevailed in her state Lemon Law claim against Respondent. Respondent offered a full repurchase of the nonconforming vehicle as early as

October 2018. After Appellant agreed to the repurchase several years later, the parties asked the circuit court to determine an appropriate award of attorney's fees. Appellant requested $92,385 in fees and $2,386.28 in costs. The circuit court awarded $27,585. On appeal, Appellant asserts the circuit court erred in not awarding all of the requested fees and in failing to award costs. We affirm the amount of awarded fees but amend the award to include the requested costs.

South Carolina's Lemon Law permits the circuit court to award reasonable attorney's fees if the court deems an award appropriate. S.C. Code Ann. § 56-28-50(D) (2018). The determination of a reasonable fee award "generally rests within the circuit court's discretion, and we will not disturb an award absent an abuse of discretion." *Brawley v. Richland County*, 445 S.C. 80, 94, 911 S.E.2d 156, 163 (Ct. App. 2025); *see also Layman v. State*, 376 S.C. 434, 444, 658 S.E.2d 320, 325 (2008) ("[T]he specific amount of attorneys' fees awarded pursuant to a statute authorizing reasonable attorneys' fees is left to the discretion of the trial judge and will not be disturbed absent an abuse of discretion."). "An abuse of discretion occurs when the conclusions of the trial court are either controlled by an error of law or are based on unsupported factual conclusions." *Layman*, 376 S.C. at 444, 658 S.E.2d at 325.

"[T]he overriding benchmark for awards of attorneys' fees . . . is that [they] must be 'reasonable.'" *Layman*, 376 S.C. at 455, 658 S.E.2d at 331. South Carolina's Lemon Law leaves a fee award within the discretion of the circuit court but provides any award should be based on hours "*reasonably* incurred." § 56-28-50(D) (emphasis added); *see also Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (stating "hours that are excessive, redundant, or otherwise unnecessary" should not be included in hours "reasonably expended"). The record here simply does not support a conclusion that the circuit court abused its discretion in only awarding $27,585 in fees. *See Hensley*, 461 U.S. at 436–37 ("There is no precise rule or formula for making [fee] determinations. The [trial] court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment."). Appellant argues the circuit court inappropriately tasked her with the burden of establishing the number of hours devoted to her Lemon Law claim. We read the order, which issued an award between the amounts advocated by both sides, as being animated by the circuit court's exercise of its discretion in determining what would be a reasonable award in this case. Accordingly, we affirm the award of $27,585 in fees.

The record does not indicate the circuit court included the costs of the lawsuit in the $27,585 award. Though the grant or denial of costs is also within the circuit court's discretion, "[a] decision lacking a discernible reason is arbitrary and constitutes an

abuse of discretion." *Johnson v. Johnson*, 296 S.C. 289, 304, 372 S.E.2d 107, 115 (Ct. App. 1988). We cannot discern any basis for denying the requested costs. We therefore amend the award to include $2,386.28 in costs.

**AFFIRMED AS MODIFIED.**[1]

**THOMAS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.